### CHARLEY BIRD v. THE STATE.

No. 937. Decided February 8, 1911.

**Keeping Disorderly House—Defective Recognizance—Jurisdiction.**

Where, upon appeal from a misdemeanor conviction, the recognizance failed to name the court in which appellant was convicted and the amount of punishment imposed by the verdict, the same must be dismissed for want of jurisdiction.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction for keeping a disorderly house, by the sale of vinous and other liquors without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Reeder & Graham,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of defective recognizance: Bigelow v. State, 36 Texas Crim. Rep., 402.

HARPER, JUDGE.—The Assistant Attorney-General moves to dismiss this appeal on the ground that the recognizance is not sufficient to confer jurisdiction upon this court in that the same does not name the court in which appellant was convicted, nor does it state the amount of the punishment imposed by the verdict of the jury, as required by article 887 of the Code of Criminal Procedure and decisions of this court construing this article. An inspection of the recognizance shows that it is defective in this respect, wherefore the motion of the Assistant Attorney-General to dismiss is sustained, and the appeal is accordingly dismissed.

*Dismissed.*